**Rose MARKS, d/b/a Middlebelt-Eureka Shell, Plaintiff-Appellant,**

v.

**SHELL OIL COMPANY, a Delaware corporation, Defendant-Appellee.**

No. 86–1959.

United States Court of Appeals, Sixth Circuit.

Decided Oct. 2, 1987.

James D. Wines, (argued), Ann Arbor, Mich., for plaintiff-appellant.

Stephen D. Long, (argued), Houston, Tex., Thomas V. Giles, Giles & Lucas, Birmingham, Mich., for defendant-appellee.

Before: LIVELY, Chief Judge; KEITH, Circuit Judge; and DOWD, District Judge.[*]

KEITH, Circuit Judge:

Plaintiff-appellant Rose Marks ("Marks") appeals from a summary judgment of the United States District Court for the Eastern District of Michigan, dismissing her action under the Petroleum Marketing Practices Act ("PMPA"), 15 U.S.C. § 2801 *et seq.*, against defendant-appellee Shell Oil Company ("Shell"), 643 F.Supp. 1050. Because we believe that it was an abuse of discretion for the district court to grant Shell's summary judgment motion without first considering and ruling on Marks' pending motion to amend her complaint, we *VACATE* the judgment of the district and *REMAND* for further proceedings.

Marks' claim against Shell arises out of Shell's nonrenewal in August 1985 of a lease and dealer franchise agreement. The two agreements permitted Marks to act as a franchisee of Shell and use the leased premises as a gasoline station to market Shell Oil Company products. Marks filed this suit on October 30, 1985, alleging, *inter alia*, breach of the franchise agreement and retaliatory motives in not renewing both the franchise agreement and the un-

---

[*] Honorable David Dowd, Jr., United States District Court for the Northern District of Ohio, sitting by designation.

derlying lease.[1] The district court denied Marks' motion for preliminary injunction on December 26, 1985, and entered a pretrial order on April 1, 1986, setting trial for December.

On June 24, 1986, Marks' original counsel withdrew from the case and was replaced by her present counsel. Seven days later, Shell filed its motion for summary judgment. Marks and her present counsel responded on July 18, 1986 with (1) an answer to Shell's motion for summary judgment; (2) a motion to amend the complaint with an unsigned first amended complaint and exhibits attached, along with a brief in opposition and support; and (3) a notice requesting that the amended complaint be treated as Marks' affidavit in opposition to an affidavit attached to Shell's initial summary judgment motion. Marks submitted a verified first amended complaint with her signature on July 21, 1986.

The first amended complaint raised several new claims, including bad faith termination and sex discrimination. It also expanded considerably upon the original complaint's claims of wrongful nonrenewal of the franchise under PMPA. The district court entered judgment on Shell's summary judgment motion with an accompanying memorandum opinion and order on September 18, 1986. Without indicating that it had ever considered Marks' motion to amend, the court found that no genuine issues of material fact existed on Marks' claims. However, the court's accompanying analysis included those claims raised in the new complaint attached to Marks' unadjudicated motion to amend. These claims, first raised three months before the court's judgment, were viewed by the court as meritless after "having been filtered through discovery for approximately one year."

Under the Federal Rules, a party amending a pleading after a responsive pleading has been served "may amend his pleading only by leave of court ... and leave shall be freely given when justice so requires." *See* Fed.R.Civ.P. 15(a). A court's refusal to grant leave to amend is reviewable under the "abuse of discretion" standard. *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330–332, 91 S.Ct. 795, 802–803, 28 L.Ed.2d 77 (1971); *Tefft v. Seward*, 689 F.2d 637 (6th Cir.1982). *Estes v. Kentucky Utilities Co.*, 636 F.2d 1131 (6th Cir.1980).[2] Though the decision to grant leave to amend is committed to the trial court's discretion, that discretion is limited by Fed.R.Civ.P. 15(a)'s liberal policy of permitting amendments to ensure the determination of claims on their merits. *See Espey v. Wainwright*, 734 F.2d 748 (11th Cir.1984).

Given the policy of liberality behind Rule 15(a), it is apparent that when a motion to amend is not even considered, much less not granted, an abuse of discretion has occurred. The court in *Espy* determined that unless the district court's reasons for dismissing the motions to amend were "readily apparent" the dismissal could not be sustained. 734 F.2d at 750. Because the district court did not consider the motion, we can discern no such "readily apparent" reasons here. The appellee argues that the court did assess the motion to amend by treating Marks' amended complaint as an affidavit in opposition. We cannot make that inference from the record before us. The court did not make any reference to an affidavit, except to say that Marks had failed to come forward with an affidavit to support her claims of retaliatory or discriminatory non-renewal.

The appellee also argues that the court considered the new claims raised in the amended complaint while dismissing the action. While the court does discuss the new

---

1. In addition to the agreements between the parties, a lease existed between Shell and the owners of the property on which Marks' Shell station was situated. Shell argues that the termination of this lease necessitated its nonrenewal of the agreements with Marks. Because we decide this case on grounds other than those of the summary judgment motion, we do not reach Shell's claim.

2. Although this appeal comes to us on a summary judgment motion, we believe that "abuse of discretion" is the proper standard since the motion to amend is the basis of our reversal.

claims, we find it curious that it would do so without first making the amended complaint (and hence the new claims) part of the court record by granting leave to amend. By not considering the motion to amend, the court effectively left the new claims *dehors* the record. That the court then discussed claims which were not yet properly before it only compounds the error.

Therefore, we hold that dismissal of the suit based upon the original complaint without first considering the motion to amend was an abuse of discretion. The district court should have evaluated Marks' motion in light of Fed.R.Civ.P. 15(a) and its liberal policy of amendment.

Accordingly, the summary judgment is *VACATED* and the case *REMANDED* for proceedings not inconsistent with this opinion.