849 F.2d 608
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Rosemarie CHAMPAGNE and Fred Champagne, husband and wife,
Plaintiffs- Appellants,
v.
The EQUITABLE LIFE ASSURANCE CO., a foreign insurance co.,
Defendant-Appellee.
 No. 87-1962.
 United States Court of Appeals, Sixth Circuit.
 June 21, 1988.
 
 Before WELLFORD and BOGGS, Circuit Judges and GEORGE CLIFTON EDWARDS, Jr., Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Defendant-appellee, The Equitable Life Assurance Co. (Equitable), filed a motion for summary judgment under Fed.R.Civ.P. 56 on the ground that a personal injury action by plaintiffs-appellants, Rosemarie and Fred Champagne (the Champagnes), was barred by the three-year statute of limitations for "actions to recover damages ... for injury to a person...." M.C.L. Sec. 600.5805(8). The Champagnes opposed the motion by filing an affidavit from their attorney supporting their argument that Equitable should be estopped from relying on the statute of limitations. The district court, sua sponte, treated the motion as a motion to dismiss under Fed.R.Civ.P. 12(b)(6). Thus, relying on the pleadings alone, the court refused to consider the equitable estoppel claim because the Champagnes had "failed to allege any facts in their Complaint to support this accusation." When the Champagnes moved the court to allow them to amend their complaint in order to plead the equitable estoppel claim, the court denied the request, concluding that the motion was moot because their action already had been dismissed.
 
 
 2
 We disagree. In light of the district court's disposition of the initial motion for summary judgment, the district court abused its discretion by not allowing the Champagnes to amend the complaint. Accordingly, we reverse the decision of the district court and remand the case for further proceedings.
 
 
 3
 * On July 14, 1983, Rosemarie Champagne stumbled and fell into a hole in the parking lot at the Eastland Shopping Center in Detroit, Michigan. According to a report from her doctor, her most serious injuries were to her left ankle and right knee. Although she initially was treated for a sprained ankle, she continued to have pain at her left ankle and right knee which prevented her from engaging in her normal activities such as "dancing and sports."
 
 
 4
 Equitable owns the shopping center where Rosemarie fell. After her fall, Rosemarie, with the aid of her attorney, Stephen M. Wittenberg, began settlement negotiations with the Travelers Insurance Co., Equitable's insurer.
 
 
 5
 According to Wittenberg's affidavit, the parties agreed to suspend settlement discussions until it was determined whether Rosemarie would have to have surgery. Apparently, the discussions were not as formal as they might otherwise have been due to Wittenberg's personal acquaintance and familiarity with the local Travelers representatives.
 
 
 6
 After Rosemarie had knee surgery in March 1985, settlement discussions resumed, although "there was a good possibility [Rosemarie] would need additional surgery." A number of different insurance adjusters were assigned to the case, but ultimately the file was assigned to Carole Smith. On February 5 or 6, 1986, after examining a report from Rosemarie's doctor, Carole Smith offered to settle the claim for $7500. Wittenberg rejected the claim on behalf of Rosemarie, "given the possibility that there would have to be further surgery and the permanent nature of the injuries." Wittenberg states in his affidavit that he informed Smith that the Champagnes probably would accept a settlement offer of $15,000. According to Wittenberg, Carole Smith, in response, "promised to get back to me."
 
 
 7
 According to his affidavit, the next time Wittenberg heard from Carole Smith was by letter dated May 27, 1986. The letter referred to the $7500 offer as still pending and asked Wittenberg to contact Smith in order to discuss the settlement of the case. After receiving the letter, Wittenberg contacted Smith and claims that "she said she would attempt to get additional settlement authority and would get back to me as quickly as possible. She said not to worry about the statute of limitations as she thought we would be able to resolve the claim for fairly close to our demand." Thereafter, Wittenberg states,
 
 
 8
 I did not hear from her and attempted to contact her several times. I was always told she was not in. In fact, she had left Travelers not long after our discussion but no one advised me of this fact. I finally was told she was no longer working for Travelers and was transferred to another adjuster. This adjuster told me the statute of limitations had expired and the client was insisting on relying upon that defense. The adjuster apologized, but said they were governed by the wishes of their client. I immediately filed suit.
 
 
 9
 ... Because of the relationship which existed I relied upon representations that they would not rely upon the statute of limitations.
 
 
 10
 On December 16, 1986, the Champagnes filed suit in state court, five months after the statute of limitations had expired. Rosemarie claimed that her injury was the result of Equitable's negligence in not maintaining the parking lot. Fred filed a claim for loss of companionship, society, and affection.
 
 
 11
 Equitable removed the action to federal court. Among the affirmative defenses it raised in response to the complaint was the defense that the claims were barred by the statute of limitations.
 
 
 12
 After discovery was completed, Equitable filed a motion under Fed.R.Civ.P. 56 for summary judgment on the ground that the action was barred by the statute of limitations. The Champagnes opposed the motion and, as part of their opposition, raised the estoppel claim in their brief and filed Wittenberg's affidavit to support the claim.
 
 
 13
 On July 27, 1987, the district court granted the motion to dismiss. On September 22, 1987, the district court denied the Champagnes' motion for reconsideration and for leave to amend their pleadings pursuant to Fed.R.Civ.P. 15. This appeal followed.
 
 II
 
 14
 A motion to dismiss under Fed.R.Civ.P. 12(b)(6) "goes to the sufficiency of the pleading.... Typically, the only information necessary for a decision on the motion is to be found in the pleading itself; if outside evidence is considered, the motion becomes one for summary judgment." 5 C. Wright & A. Miller, Federal Practice and Procedure Sec. 1363 (1969) (hereinafter Wright & Miller).
 
 
 15
 In contrast, a summary judgment motion [under Fed.R.Civ.P. 56] typically is based on the pleadings and any affidavits, depositions, and other forms of evidence relevant to the merits of the challenged claim or defense that are available at the time the motion is made. The movant under Rule 56 is asserting that on the basis of the record as it then exists, there is no genuine issue as to any material fact and that he [or she] is entitled to a judgment on the merits as a matter of law.
 
 
 16
 10 Wright & Miller Sec. 2713 (emphasis supplied).
 
 
 17
 When a party moves to dismiss an action under Rule 12(b)(6), both sides proceed under the belief that the motion will be decided on the basis of the pleadings alone unless notified otherwise by the district court. Rule 12(b)(6) mandates that if
 
 
 18
 matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.
 
 
 19
 Thus, Rule 12(b)(6) requires that parties be afforded notice of the court's intention to treat a motion as a motion for summary judgment under Rule 56. This notice affords the parties an opportunity to submit additional evidence, such as an affidavit, which indicates that a genuine issue of material fact exists, precluding the entry of summary judgment. E.g. Dayco Corp. v. Goodyear Tire & Rubber Co., 523 F.2d 389, 392 (6th Cir.1975). Unlike a motion under Rule 12(b)(6), a court considering a motion for summary judgment under Rule 56 may consider matters outside of the pleadings when ruling on the motion. Ibid.; accord Rogers v. Stratton Industries, Inc., 798 F.2d 913, 915 (6th Cir.1986). In the typical case on appeal, a party claims to have received inadequate notice of the court's intention to treat a Rule 12(b)(6) motion as a motion for summary judgment under Rule 56 and, therefore, was prejudiced by being unable to submit additional materials for the court to consider. See Wright v. Holbrook, 794 F.2d 1152, 1156-57 (6th Cir.1986).
 
 
 20
 In this case, Equitable moved to dismiss the action pursuant to Rule 56. The Champagnes, acting under the impression that the motion would be decided on the basis of any evidence they might submit which would indicate that a genuine issue of material fact exists, properly responded to the motion by submitting an affidavit from their attorney which raised the equitable estoppel issue.
 
 
 21
 However, without notice to either party, the district court decided to resolve the motion on the face of the pleadings alone. Thus, as there was no indication from the Champagnes' complaint why their action should not be precluded because of the statute of limitations, the district court dismissed the case.
 
 
 22
 Counsel for the Champagnes stated during oral argument that had his clients been on notice that the motion for summary judgment would be converted into a motion to dismiss and decided on the basis of the pleadings alone, they could have responded by moving to amend their complaint in order to assert the equitable estoppel claim. This was a reasonable response. We note that when it was apparent that the district court ruled in reliance on the pleadings alone, the Champagnes immediately filed a motion for leave to amend the pleadings.
 
 
 23
 Rule 15(a) of the Federal Rules of Civil Procedure provides that a party desiring to amend his or her pleading after a responsive pleading has been served may do so "only by leave of court ... and leave shall be freely given when justice so requires." Fed.R.Civ.P. 15(a) (emphasis supplied). "[T]he thrust of Rule 15 is to reinforce the principle that cases 'should be tried on their merits rather than the technicalities of pleadings.' " Moore v. City of Paducah, 790 F.2d 557, 559 (6th Cir.1986) (quoting Tefft v. Seward, 689 F.2d 637, 639 (6th Cir.1982)).
 
 
 24
 This circuit requires that "there must be 'at least some significant showing of prejudice to the opponent' if the motion is to be denied." Janikowski v. Bendix Corp., 823 F.2d 945, 951 (6th Cir.1987) (quoting Moore, 790 F.2d at 562). Moreover, "although this court reviews denials of leave to amend only for abuse of discretion, it should be emphasized that the case law in this Circuit manifests 'liberality in allowing amendments to a complaint.' " Ibid.; see also Marks v. Shell Oil Co., 830 F.2d 68, 69 (6th Cir.1987).
 
 
 25
 District courts have abused their discretion by not allowing an amendment of a pleading when the lower court failed to state the basis for its denial of the motion or failed to consider the competing interests of the parties and the likelihood of prejudice to the opponent. See Moore v. City of Paducah, 790 F.2d 557, 559, 562 (6th Cir.1986). An abuse of discretion also occurred when a district court dismissed a suit without even considering a pending motion to amend a complaint. Marks, 830 F.2d at 69.
 
 
 26
 Here, the district court denied the motion to amend on the ground that it was filed after the court issued its order dismissing the case. However, the court's dismissal was the first indication that the Champagnes' complaint should have contained the equitable estoppel claim. The Champagnes properly responded to the motion for summary judgment by filing an affidavit which raised a genuine issue of fact as to whether the statute of limitations should bar their action. As soon as they were aware that the court had instead resolved the matter on the basis of the pleadings alone, they again proceeded in the manner dictated by the Federal Rules of Civil Procedure and moved for leave to amend the pleadings pursuant to Rule 15 and Rule 59 (since a judgment already had been rendered). The district court originally acted improperly by ruling under Rule 12. This error would have been of little consequence had the district court allowed the Champagnes to amend the complaint. However, denying the motion to amend the pleading (on the ground that it was moot because the case had already been dismissed due to a defect in the pleadings) is an abuse of discretion, compounding the original error.
 
 
 27
 In addition, there simply was no showing of prejudice to Equitable sufficient to preclude the Champagnes from amending the complaint in order to assert the equitable estoppel claim. Not only was Equitable aware of the equitable estoppel claim, it responded to the claim in a brief filed months before the district court dismissed the case.
 
 
 28
 Accordingly, for the foregoing reasons[1], the district court's judgment dismissing the Champagne's action is REVERSED. The case is REMANDED with orders to the district court to reinstate the action and grant the Champagnes leave to amend their complaint.[2]
 
 WELLFORD, Circuit Judge, concurring:
 
 29
 I find this case to be a marginal one for disturbing the judgment of the district court, particularly in view of the handling of the case by plaintiffs' counsel prior to the entry of judgment. There was ample opportunity for an amendment of the complaint to attempt to avoid the obvious timeliness problem on the face of the original complaint.
 
 
 30
 Normally Rule 15(a) of the Federal Rules of Civil Procedure applies prior to entry of a final judgment after a dispositive motion has been filed by the adversary party. Delay in filing the original complaint and delay in filing an amendment could or may work prejudice upon the defendant. While I join with my brothers in affording plaintiffs another chance, I do so with reluctance and only on the basis that plaintiffs would not be entitled to interest or any other benefits if, by reason of these delays, plaintiffs ultimately succeed in obtaining a judgment.
 
 
 
 [1]
 Because we have concluded that the district court abused its discretion by not allowing the Champagnes leave to amend their complaint, we do not reach the merits of the other issues they have raised on appeal
 
 
 [2]
 We express no opinion as to the merits of either the Champagnes' equitable estoppel argument or their substantive claims for relief. Once leave to amend has been granted and the Champagnes have filed an amended complaint, either party is free to bring any appropriate motion, including a motion for summary judgment under Rule 56