**516**

## CHEVY CHASE FEDERAL SAVINGS BANK, Plaintiff,

v.

### Phyllis J. DAVIS and Earle W. Irby, Defendants.

#### No. 90–CV–71125–DT.

United States District Court, E.D. Michigan, S.D.

Nov. 29, 1990.

Sue E. Eisenberg, Birmingham, Mich., for plaintiff.

Stuart A. Gold, Southfield, Mich., for defendants.

## ORDER SUSTAINING THE BANKRUPTCY COURT'S ORDERS DENYING PLAINTIFF LEAVE TO AMEND THE COMPLAINT

HACKETT, District Judge.

Appellant Chevy Chase Federal Savings Bank (the bank) appeals two orders of the United States Bankruptcy Court for the Eastern District of Michigan, entered on January 25, 1990, and March 8, 1990. The orders denied the bank leave to amend the complaint in Case No. 89–05810–G.

### FACTS

The bank initiated this suit against defendants Phyllis J. Davis (Davis) and Earle W. Irby (Irby) in the bankruptcy court on October 30, 1989, challenging the discharge of defendants' debt to the bank.

On December 1, 1989, Davis filed a motion to dismiss the complaint against her and Irby filed a motion for summary judgment. The bank filed written responses to those dispositive motions on December 15, 1989, and the bankruptcy court conducted a hearing on January 25, 1990. During the course of the hearing, the bank orally requested leave to amend the complaint in order to state a claim against Davis and to plead sufficient facts against Irby that would withstand summary judgment. The court denied the bank's motion, noting that no written motion to amend the complaint was properly before the court. The court then granted each of defendants' motions.[1]

On February 1, 1990, seven days after defendants' dispositive motions had been granted, the bank filed a written motion to amend the complaint. Defendants responded in writing and the court held a hearing on March 8, 1990, at which the motion was

---

**1.** The court dismissed the complaint against Davis because it stated allegations as to Irby only. Summary judgment entered in favor of Irby because the complaint did not sufficiently plead all elements for a cause of action under 11 U.S.C. § 523(a)(2)(B).

denied. The court noted that, while Fed.R. Civ.P. 15(a) requires the court to freely grant leave to amend when justice so requires, a party must file a motion to amend in a timely manner before the court has resolved dispositive motions.

This appeal followed. The bank argues that its proposed amended complaint added only technical details, presented no new claims or legal theories, named no new parties to the suit, and would create no prejudice to defendants. It claims, therefore, that the bankruptcy court abused its discretion in denying leave to amend the complaint.

## ANALYSIS

A lower court's refusal to grant leave to amend the complaint "is reviewable under the 'abuse of discretion' standard." *Marks v. Shell Oil Co.*, 830 F.2d 68, 69 (6th Cir. 1987) (citing *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330–32, 91 S.Ct. 795, 802–03, 28 L.Ed.2d 77 (1971)). In the instant matter, the bankruptcy court did not abuse its discretion. The court properly determined *from the materials before it* that Davis should be dismissed, summary judgment should enter for Irby, and that it would be unjust to amend the complaint at that stage of the suit.

Federal Rule of Civil Procedure 56(c) permits the courts to enter summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." The Rule is not a procedural shortcut, but promotes the expedient administration of justice and the protection of parties' rights. Summary judgment is "an integral part of the Federal Rules as a whole, which are designed to 'secure the just, speedy and inexpensive determination of every action.'" *Celotex Corp. v. Catrett,* 477 U.S. 317, 327, 106 S.Ct. 2548, 2555, 91 L.Ed.2d 265 (1986) (quoting Fed.R.Civ.P. 1); *Cloverdale Equipment Co. v. Simon Aerials, Inc.,* 869 F.2d 934, 937 (6th Cir.1989).

If a party seeking summary judgment establishes by use of the material specified in Rule 56(c) that there is no genuine issue of material fact and that the movant is entitled. to judgment as a matter of law, then the opposing party assumes the burden to come forward with "specific facts showing that there is a genuine issue for trial." *First National Bank of Arizona v. Cities Service Co.,* 391 U.S. 253, 289, 88 S.Ct. 1575, 1592, 20 L.Ed.2d 569 (1968). Mere allegations or denials in the non-movant's pleadings will not meet this burden. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986).

In the instant matter, the bankruptcy court ruled on Davis's motion to dismiss and Irby's motion for summary judgment based upon the materials and evidence that were before it *at the time of the hearing* on those motions. The bank had sufficient time between the filing of the motions on December 1, 1989, and the hearing of January 25, 1990, to file pleadings, depositions, affidavits, or any other evidence that would defeat the motions. If the bank thought that amendment of the complaint would save its cause of action, there was adequate time to file a motion seeking leave to do so *before the hearing.*

No motion to amend the complaint, however, was properly before the court at the hearing of January 25; the bank took its chances in defending without one. The court, therefore, could only proceed with the pleadings and materials that the parties had provided in support of and in opposition to the dispositive motions.

The bank cites *Ellison v. Ford Motor Co.,* 847 F.2d 297 (6th Cir.1988) and *Marks v. Shell Oil Co.,* 830 F.2d 68 (6th Cir.1987) to support its position that a court abuses its discretion by granting a dispositive motion while plaintiff seeks leave to amend the complaint. In both *Ellison* and *Marks,* however, the Sixth Circuit found abuse of discretion because the district court granted summary judgment while motions to amend the complaint were pending. Such is not the situation in the instant matter, where the bank waited until oral argument

to present its request to amend the complaint and filed no written motion until seven days after the bankruptcy court had granted the dispositive motions.

The Federal Rules of Civil Procedure are intended to secure just, speedy, and inexpensive determinations in the litigation of suits. Fed.R.Civ.P. 1; 4 Wright & Miller, *Federal Practice and Procedure,* Civil § 1029; *General Mill Supply Co. v. SCA Services, Inc.,* 697 F.2d 704, 711–12 (6th Cir.1982). In the instant matter, the bank's delay in raising its need to amend the complaint until the last minute—and its failure to file a motion until after the court had dismissed Davis and granted summary judgment to Irby—constitute failure to defend properly against those dispositive motions. While Fed.R.Civ.P. 15(a) states that leave to amend should be granted when justice so requires, amendment of the complaint at such a late stage in the proceedings would have prejudiced defendants' right to the speedy and efficient disposition of this matter.

The bankruptcy court did not abuse its discretion in denying the bank's motion. Accordingly,

IT IS ORDERED that the orders of the bankruptcy court denying the bank leave to amend the complaint hereby are SUSTAINED.