920 F.2d 933
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Leon JENKINS, Plaintiff-Appellant,
v.
Sabah Sam DICKOW, Saud Mark Barbat, Thamer Balski, Jerrold
Marsh, Danny Wohl, Kevin Counsel, Sammi Semma,
Ghazi Turke-Dabaja, Arthur Breslin,
Defendants-Appellees.
 No. 90-1317.
 United States Court of Appeals, Sixth Circuit.
 Dec. 14, 1990.
 
 1
 Before RYAN and ALAN E. NORRIS, Circuit Judges, and ALLEN, Senior District Judge.*
 
 ORDER
 
 2
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Leon Jenkins appeals two district court orders dismissing his defamation action for failure to state a claim upon which relief could be granted and denying his motion to amend complaint.
 
 
 4
 Jenkins, a former judge of Detroit's 36th District Court, filed a defamation action in Wayne County Circuit Court against nine individuals who had testified against him in the course of federal criminal proceedings for bribery and extortion. United States v. Jenkins, Criminal No. 88-80624 (E.D.Michigan). This action was subsequently removed to federal district court pursuant to 28 U.S.C. Sec. 1441(b) and 1442(a)(1). Jenkins claimed that at some time within the year preceding the filing of the complaint, the defendants made false and defamatory statements about him in order to protect themselves from criminal liability through grants of immunity by the United States government. As a result of such statements, he claimed that he was indicted and tried. He further alleged that he was acquitted after trial on the criminal charges based upon the defendants' alleged defamatory statements and is now the subject of proceedings before the Michigan Judicial Tenure Commission as a further result of the defendants' statements. Jenkins requested damages for the alleged injury to his reputation in the community caused by the claimed defamation.
 
 
 5
 The district court dismissed the case for failure to state a claim upon which relief could be granted. The court decided that the defendants were absolutely immune from suit as the allegedly defamatory statements were made during federal grand jury and criminal trial proceedings. In a separate order, the district court denied Jenkins' motion to amend his complaint as moot as the complaint had already been dismissed.
 
 
 6
 On appeal, Jenkins argues that the district court improperly denied his motion to amend the complaint.
 
 
 7
 As an initial matter, Jenkins did not raise on appeal the issue of whether the district court properly dismissed his complaint for failure to state a claim upon which relief could be granted. Thus, this issue is considered abandoned. See McMurphy v. City of Flushing, 802 F.2d 191, 198-99 (6th Cir.1986).
 
 
 8
 Upon consideration, we conclude that the district court's order should be vacated and the case remanded as dismissal of the suit based upon the original complaint without first considering the motion to amend was an abuse of discretion. The district court should have evaluated Jenkins' motion in light of Fed.R.Civ.P. 15(a) and its liberal policy of amendment. See Marks v. Shell Oil Co., 830 F.2d 68, 69-70 (6th Cir.1987).
 
 
 9
 Given the policy of liberality behind Rule 15(a), it is apparent that when a motion to amend is not even considered, much less granted, an abuse of discretion has occurred. See Marks, 830 F.2d at 69. Because the district court did not consider the timely motion, but merely denied it as moot, there is no readily apparent reason for dismissal. This court was unable to obtain either the brief in support of Jenkins' one-sentence motion to amend or a copy of the amended complaint as these documents are not included in the record on appeal, nor could the parties supply them. Thus, it was impossible to independently determine whether the amended complaint could have withstood a Fed.R.Civ.P. 12(b)(6) motion to dismiss. See United States v. Wood, 877 F.2d 453, 456-57 (6th Cir.1989). Nonetheless, remand to the district court is justified in this case as the motion to amend the complaint was filed before the case was dismissed and especially in light of the fact that Jenkins' brief on appeal alleges that the defamation was unprivileged and occurred outside of the judicial proceedings.
 
 
 10
 Accordingly, the district court's order entered February 6, 1990, which denied the motion to amend complaint is hereby vacated and the case remanded pursuant to Rule 9(b)(6), Rules of the Sixth Circuit, for proceedings consistent with this order.
 
 
 
 *
 The Honorable Charles M. Allen, Senior U.S. District Judge for the Western District of Kentucky, sitting by designation