948 F.2d 1288
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Michael Anthony BARNES, Plaintiff-Appellant,
v.
Wayne C. DUNN; James Stephens; Stephen T. Smith; Robert
Newton; Darrell J. Rollins, Defendants-Appellees.
 No. 91-5889.
 United States Court of Appeals, Sixth Circuit.
 Nov. 21, 1991.
 
 Before DAVID A. NELSON and SUHRHEINRICH, Circuit Judges, and ENGEL, Senior Circuit Judge.
 
 ORDER
 
 1
 Michael Anthony Barnes appeals the district court's judgment granting the defendants' motion for summary judgment and dismissing this civil rights action filed under 42 U.S.C. § 1983. The defendants include the Commissioner of Corrections for the State of Kentucky and four employees at the Luther Luckett Correctional Complex (LLCC) in LaGrange, Kentucky.
 
 
 2
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 In his complaint, Barnes alleged that the defendants denied the plaintiff and "all members of the Masjid Muhammad of Luther Luckett Correctional Complex, their First, Eighth, and Fourteenth Amendment rights of the Constitution" by: 1) refusing to allow a Muslim volunteer cournselor to enter LLCC; 2) failing to specify on the food menus, at all Kentucky correctional institutions, which items contain pork and/or derivatives thereof; 3) failing to allow members of the LLCC Muslim community to select a substitute when pork is offered as a main course; and 4) tape recording Muslim religious services and/or congregations, thereby invading the Muslims' privacy during prayer sessions. The matter was referred to a magistrate judge, who detrmined that the plaintiff could not properly represent the class which the plaintiff defined in his complaint as the "Muslim community" of LLCC. In regard to the plaintiff's other grounds for complaint, the magistrate judge determined that Barnes had failed to plead specific facts or to state how the facts demonstrated a violation of his constitutional rights. After considering objections filed by Barnes, the district court adopted the report and recommendation of the magistrate judge, thereby granting the defendants' motion for summary judgment and dismissing the complaint by order entered July 1, 1991. On appeal, Barnes requests appointment of counsel.
 
 
 4
 Upon review, this court concludes that the district court properly granted the defendants' motion for summary judgment. The record shows that Barnes, after filing his complaint, was transferred to a different prison institution. Therefore, his request for injunctive relief in regard to conditions at LLCC has been rendered moot. McKinnon v. Talladega County, Ala., 745 F.2d 1360, 1363 (11th Cir.1984); cf. Goar v. Civiletti, 688 F.2d 27, 29 (6th Cir.1982). As a pro se prisoner at a different institution, moreover, Barnes is not a proper party to represent the group he designates as the "Muslim community" at LLCC. Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir.1975) (per curiam); Hammond v. O'Dea, No. 91-5089 (6th Cir. May 14, 1991) (unpublished).
 
 
 5
 In regard to the remaining claims, Barnes has not presented specific facts to support his allegations that his constitutional rights have been violated, or that he was subjected to cruel and unusual punishment under the Eighth Amendment, in order to support relief under § 1983. Birrell v. Brown, 867 F.2d 956, 958 (6th Cir.1989); Morgan v. Church's Fried Chicken, 829 F.2d 10, 12 (6th Cir.1987). Finally, the district court did not abuse its discretion in denying Barnes's motion to amend his complaint after the magistrate's report and recommendation had been filed. See Zenith Radio Corp. v. Hazeltine Research, Inc., 401 U.S. 321, 330-32 (1971); Marks v. Shell Oil, Co., 830 F.2d 68, 69 (6th Cir.1987).
 
 
 6
 Accordingly, the appellant's request for counsel is denied, and the district court's judgment is hereby affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.