NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 06a0027n.06
Filed: January 10, 2006

No. 04-2335

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

WILLIAM CALDWELL,                          )
                                           )    ON APPEAL FROM THE
        Plaintiff-Appellant,               )    UNITED STATES DISTRICT
                                           )    COURT FOR THE WESTERN
                v.                         )    DISTRICT OF MICHIGAN
                                           )
MARGIE MCNUTT, et al.,                     )
                                           )
        Defendants-Appellees.              )
                                           )
_____       )

BEFORE: SILER and GRIFFIN, Circuit Judges; and KATZ, District Judge.[*]

**PER CURIAM.** Plaintiff-Appellant William Caldwell is a Michigan state prisoner who has sued three Michigan Parole Board members under 42 U.S.C. § 1983, claiming they based their decision to deny him parole on an inaccurate "program performance" score in his file. He seeks a declaratory judgment and an order compelling the Parole Board to conduct a new hearing using the correct information. Though Caldwell initially named only the three Parole Board Members, he later amended his complaint to add a claim against the assistant prison-unit supervisor who provided the allegedly incorrect information to the board. Without considering the amendment, the district

_____

[*]The Honorable David A. Katz, United States District Judge for the Northern District of Ohio, sitting by designation.

court dismissed Caldwell's complaint under 28 U.S.C. §§ 1915(e)(2) and 1915A, for failure to state a claim upon which relief could be granted. Because Plaintiff has no constitutionally-protected liberty interest in the granting of parole, this Court affirms the decision of the district court. Additionally, the Court concludes that the district court did not commit reversible error when it failed to consider the amended complaint, because the proposed amendment suffered from the same flaw as the original complaint.

A district court must dismiss a complaint filed by a prisoner *in forma pauperis* if the court determines that the complaint fails to state a claim on which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1). This Court reviews such a dismissal de novo. *Harbin-Bey v. Rutter*, 420 F.3d 571, 575 (6th Cir. 2005). In determining whether relief may be granted on a claim, this Court construes the complaint in the light most favorable to the plaintiff, accepting the plaintiff's factual allegations as true. *Id.*

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *Gray v. City of Detroit*, 399 F.3d 612, 615 (6th Cir. 2005) (quoting *West v. Atkins*, 487 U.S. 42, 48 (1988)) (internal quotation marks omitted). "There is no constitutional or inherent right of a convicted person to be conditionally released [e.g., paroled] before the expiration of a valid sentence." *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979). Rather, to obtain a constitutionally protected liberty interest, a prisoner must have a "legitimate claim of entitlement to it," which can only be created by state law.

2

*Inmates of Orient Corr. Inst. v. Ohio State Adult Parole Auth.*, 929 F.2d 233, 235 (6th Cir. 1991) (quoting *Greenholtz*, 442 U.S. at 7).

Michigan law, which imbues the Parole Board with broad discretion, does not create a liberty interest in the granting of parole. *Sweeton v. Brown*, 27 F.3d 1162, 1164-65 (6th Cir. 1994) (en banc). (Though Michigan's statutes governing parole procedures have been amended in minor ways since *Sweeton*, the legislature has made no alterations that would change the result in that case. *See* Mich. Comp. Laws §§ 791.234–.235.) Therefore, even if the Parole Board relied on inaccurate information to deny Caldwell parole, it did not violate any liberty interest protected by the United States Constitution. The district court properly concluded that Caldwell failed to state a claim on which relief could be granted under § 1983.

This Court has held that "when a motion to amend is not even considered, much less not granted, an abuse of discretion has occurred." *Marks v. Shell Oil Co.*, 830 F.2d 68, 69 (6th Cir. 1987). It is unclear whether the Defendant Parole Board Members filed an answer, and therefore unclear whether Caldwell was required under Federal Rule of Civil Procedure 15(a) to first seek leave of the district court before amending his complaint. Either way, this Court has also held that, where a proposed amended complaint suffers from the same infirmities as the original complaint, and where "the district court did not err in dismissing the original complaint, it necessarily did not err in failing to consider the claims set forth in the . . . proposed amended complaint." *Keweenaw Bay Indian Cmty. v. Michigan*, 11 F.3d 1341, 1348 (6th Cir. 1993).

Caldwell proposed to amend his complaint by adding a claim that an Assistant Resident Unit

3

Supervisor provided inaccurate information to the Parole Board, thereby treating him unfairly during the parole process and violating his substantive due process rights. The amendment suffers from the same infirmity as the original complaint: Caldwell has no constitutionally-protected liberty interest in the granting of parole or the following of parole procedures. *Sweeton*, 27 F.3d at 1165. The district court therefore did not commit reversible error in failing to consider the proposed amended complaint.

For the foregoing reasons, this Court affirms the judgment of the district court.