**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
**File Name: 06a0234n.06**
**Filed: April 3, 2006**

**No. 05-5778**

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| GERALD GRESH, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| WASTE SERVICES OF AMERICA, INC.; | ) | EASTERN DISTRICT OF KENTUCKY |
| W. TODD SKAGGS; JAMES P. DALTON; | ) | |
| RIVER CITIES DISPOSAL, LLC, | ) | |
| | ) | |
| Defendants-Appellees. | ) | |

Before: BOGGS, Chief Judge; MOORE and COOK, Circuit Judges.

PER CURIAM. After the district court granted summary judgment against him, Gerald Gresh filed a series of post-judgment motions for relief that the district court denied. Gresh now appeals those denials as well as two adverse discovery rulings.

Because a thorough factual background is unnecessary to an understanding of the narrow basis for our appellate judgment here, we dispense with recounting the case facts. And we confine the procedural background to those aspects bearing on our decision to vacate the summary judgment and remand for consideration of Gresh's motion to file an amended complaint.

I.

Two months before the district court granted summary judgment, and after extensive discovery, Gresh moved to file a "Second Amended and Fully Restated Complaint" (the "amended complaint"). The parties agree that the district court never ruled on this motion before entering summary judgment in favor of Defendants. After the district court granted Defendants' motion for summary judgment, Gresh filed a Fed. R. Civ. P. 60(b) motion for relief from judgment, a renewed motion to file the amended complaint, and a Fed. R. Civ. P. 59(e) motion to vacate the summary judgment,[1] on the grounds that "the Court considered Summary Judgment without full knowledge of the evidence discovered in this case and without Plaintiff having responded fully to the Motion for Summary Judgment after discovery was completed." The district court denied the motions.

## II.

An appeal from the denial of a Rule 59(e) motion is generally treated as an appeal from the underlying judgment itself, here summary judgment. *GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 833 (6th Cir. 1999) ("'[T]he premise of such a motion is that the judgment was wrong in some respect. This makes a challenge to the denial of the [Rule 59] motion a challenge to the judgment itself.'" (quoting *Abbs v. Sullivan*, 963 F.2d 918, 925 (7th Cir. 1992))). We normally

---

[1]Rule 59(e), by its terms, governs "[a]ny motion to alter or amend a judgment." Although Gresh titled his motion, "Motion Under Rule 59 to *Vacate* Order of Summary Judgment" (emphasis added), it is permissible to characterize a motion to vacate as a motion brought under Rule 59(e). *Foman v. Davis*, 371 U.S. 178, 181 (1962); *Columbia Gas Transmission Corp.v. Ltd. Corp*., 951 F.2d, 110, 112 (6th Cir. 1991) ("Limited's motion to vacate, alter, or amend the district court's grant of summary judgment . . . is properly considered a motion pursuant to Federal Rule of Civil Procedure 59(e).").

review the grant of summary judgment de novo. *DiCarlo v. Potter*, 358 F.3d 408, 414 (6th Cir. 2004). But where, as here, the appropriateness of summary judgment turns on the district court's failure to consider a party's motion to amend, abuse of discretion is the proper standard of review. *Marks v. Shell Oil Co.*, 830 F.2d 68, 69 n.2 (6th Cir. 1987).

A district court abuses its discretion when it grants a motion for summary judgment without first ruling on a pending motion to file an amended complaint. *See Ellison v. Ford Motor Co.*, 847 F.2d 297, 301 (6th Cir. 1988) ("[T]he court granted summary judgment for [Defendant] without indicating whether plaintiff's motion [to amend] was even considered. The . . . failure to *consider and rule on* plaintiff's pending motion to amend the complaint was an abuse of discretion." (emphasis added)); *Marks,* 830 F.2d at 68 ("[I]t was an abuse of discretion for the district court to grant [Defendant's] summary judgment motion without first considering and ruling on [Plaintiff's] pending motion to amend her complaint . . . ."). In both *Ellison* and *Marks* we vacated the district court's summary judgment order and remanded the case for consideration of the motion to amend. *See also Thompson v. Superior Fireplace Co.*, 931 F.2d 372, 374 (6th Cir. 1991) ("The motion to dismiss was granted while the motion to amend was still pending; . . . the dismissal of [the defendant] should be vacated and remanded for reconsideration in light of the motion to amend.").

Gresh stresses that he sought to file the amended complaint to emphasize and clarify the legal theory underlying his claims. He also points out that the amended complaint "went into great detail in delineating discreet [sic] factual allegations supporting the elements of each legal cause of action." He argues the district court erred by granting summary judgment without considering all

the evidence he uncovered during discovery and sought to present to the court in his amended complaint. Given that the district court considered the propriety of summary judgment by evaluating Gresh's complaint in the absence of having first decided whether to permit the amendment, we cannot find this error harmless.

The district court abused its discretion, and accordingly, we vacate the summary judgment and remand. On remand, the district court "should evaluate the pending motion in light of the amendment policy embodied in the Federal Rules." *Ellison*, 847 F.2d at 301; *see also* Fed R. Civ. P. 15(a) ("[A] party may amend [his] pleading only by leave of court . . . and leave shall be freely given when justice so requires."). Given that the court may choose on remand to grant Gresh leave to amend the complaint, review of the denial of Gresh's post-judgment motions challenging summary judgment would be premature.

## III.

Appellate review of the denial of Gresh's two motions to compel, however, is different; review of these discovery decisions does not hinge on the prospect of an amended complaint. "[I]t is well established that the scope of discovery is within the sound discretion of the trial court." *Hayes v. Equitable Energy Res. Co.*, 266 F.3d 560, 571 (6th Cir. 2001) (quotation omitted). And "[a] denial of discovery is reviewed only for an abuse of discretion." *Id.*

The district court scrutinized Gresh's two motions and resolved them on various grounds: Defendants had already produced the documents Gresh sought; the documents were unrelated to the subject of the lawsuit; privilege; or the request was not reasonably calculated to lead to the discovery of admissible evidence. We discern no abuse of the district court's broad discretion and Gresh's brief fails to counter that assessment.

IV.

We vacate the summary judgment and remand for proceedings consistent with this opinion. We affirm the district court's orders denying Gresh's motions to compel.