**Edmond G. PHARO et al.,**
**Plaintiffs-Appellants,**

v.

**W. L. SMITH et al.,**
**Defendants-Appellees.**

**No. 77–1273.**

United States Court of Appeals,
Fifth Circuit.

Sept. 18, 1980.

Morris K. Sirote, Birmingham, Ala., for plaintiffs-appellants.

James O. Spencer, Jr., Birmingham, Ala., for Deltec International Limited.

ON PETITION FOR REHEARING

(Opinion July 9, 1980, 621 F.2d 656)

Before SIMPSON, TJOFLAT and HILL, Circuit Judges.

PER CURIAM:

In our prior opinion, 5th Cir., 621 F.2d 656, we concluded that the district court dismissed without prejudice plaintiffs' state law causes of action when it granted defendant Deltec International, Ltd. summary judgment on the federal claims. In their petition for rehearing, plaintiffs contend, for the first time in these proceedings, that the district court abused its discretion in dismissing their pendent state law claims because those claims, or at least the one brought under the Alabama Fraudulent Conveyance Act, § 8–9–9, Code of Ala. (1975), though disposed of without prejudice, are now barred by the Alabama statute of limitations. We cannot determine from the record before us whether this issue was presented to the district court at the time Deltec's motion for summary judgment was heard, and we are unable to ascertain whether, as plaintiffs contend, the dismissal of their state law claims will operate with prejudice.

 That a plaintiff's state law claims will be time-barred if dismissed is certainly a factor, if not a determinative factor, a district court should consider in deciding whether to maintain jurisdiction over pendent state claims once the federal claims have been resolved. *O'Brien v. Continental Illinois National Bank and Trust Co.*, 593 F.2d 54 (7th Cir. 1979) ("plaintiffs should have been permitted to pursue their pendent state claims in the federal actions . . . when there [was] a substantial possibility that a subsequent state court suit on the claim [would] be time-barred." *Id.* at 65). Though plaintiffs have delayed in calling this statute of limitations problem to the court's attention, we think the problem deserves consideration; the appropriate forum to consider it is the district court. *See In re Carter*, 618 F.2d 1093, 1104–05 (5th Cir. 1980).

The petition for rehearing is, therefore, granted in part, and the cause is remanded to the district court for reconsideration of its order dismissing plaintiffs' pendent state law claims.

AFFIRMED IN PART; REMANDED IN PART.