Herbert ESPEY, Petitioner-appellant,

v.

Louie L. WAINWRIGHT, Respondent-Appellee.

No. 83–5069.
Non-Argument Calendar.

United States Court of Appeals, Eleventh Circuit.

June 18, 1984.

Joy Shearer, Asst. Atty. Gen., West Palm Beach, Fla., for respondent-appellee.

Before HILL, JOHNSON and HENDERSON, Circuit Judges.

**PER CURIAM:**

Petitioner Herbert Espey is a Florida prisoner who filed a pro se 28 U.S.C.A. § 2254 petition for habeas corpus relief with the United States District Court for the Southern District of Florida. His petition alleged the following six grounds for relief: (1) denial of the effective assistance of counsel; (2) insanity at the time of the crime and of his trial; (3) improper prosecutorial comments; (4) improper jury charge; (5) his mandatory life sentence is unconstitutional; and (6) erroneous introduction of similar fact evidence at trial. In response, the State filed an answer alleging that Espey had exhausted his state remedies on all of his claims except ground two and, therefore, his petition constituted a mixed petition which should be dismissed for lack of exhaustion. A magistrate subsequently reviewed Espey's claims and determined that he had failed to exhaust his state remedies concerning ground two, his claim of insanity. Consequently, she recommended that the petition be dismissed without prejudice to allow Espey the opportunity to exhaust that claim.

Following the magistrate's recommendation, Espey twice filed identical replies to the State's answer with an alternative motion to strike ground two from the petition. Additionally, Espey filed objections to the magistrate's recommendation, also containing an alternative motion to strike ground two of the petition.

Two months later, the district court accepted the magistrate's recommendation and dismissed the petition without prejudice. The court did not address Espey's motions to strike the unexhausted claim. Espey filed a timely notice of appeal. The district court denied Espey's application for a certificate of probable cause to appeal and his motion for leave to appeal in forma pauperis. This Court granted Espey's application for a certificate of probable cause for this appeal and granted him leave to proceed in forma pauperis.

The sole issue raised by this appeal is whether the district court abused its discretion in dismissing Espey's petition for lack of exhaustion without allowing him to amend the petition to delete the unexhausted claim. Concluding that it did, we reverse and remand this case to the district court for further consideration of Espey's exhausted habeas claims.

In *Rose v. Lundy*, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982), the Supreme Court held that before seeking habeas relief in the federal courts, a petitioner must totally exhaust his state remedies with respect to his federal claims and, therefore, that the district courts must dismiss all "mixed" petitions which contain both exhausted and unexhausted claims. The precise *Lundy* holding, however, was that "[a] district court must dismiss such 'mixed petitions', *leaving the prisoner with the choice of returning to state court to exhaust his claims or of amending or resubmitting the habeas petition to present only exhausted claims to the district court.*" *Id.* at 510, 102 S.Ct. at 1199 (emphasis added). Because Espey had exhausted all of his claims except for ground two, the insanity claim, his petition clearly constituted a "mixed" petition which was subject to dismissal. Under a liberal construction, however, of Espey's pro se motions to strike this claim, *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), the district court should have treated them as motions to amend his petition in

accord with *Lundy.* Therefore, the dispositive issue in this appeal is whether Espey's motions to amend his petition to delete the unexhausted claim should have been granted by the district court.

 Fed.R.Civ.Proc. 15(a) governs the amendments to pleadings and provides that, after any responsive pleading has been filed, subsequent amendments are permitted only with the leave of the district court. The decision whether to grant leave to amend is committed to the sound discretion of the trial court. *Best Canvas Products & Supplies, Inc. v. Ploof Truck Lines, Inc.,* 713 F.2d 618 (11th Cir.1983). However, " '[d]iscretion' may be a misleading term, for rule 15(a) severely restricts the judge's freedom, directing that leave to amend 'shall be freely given when justice so requires.' " *Dussouy v. Gulf Coast Investment Corp.,* 660 F.2d 594, 597 (5th Cir.1981). This policy of Rule 15(a) in liberally permitting amendments to facilitate determination of claims on the merits circumscribes the exercise of the trial court's discretion; thus, "[u]nless there is a substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial." *Id.* at 598. Further, since in this case the district court dismissed Espey's claims without addressing his motions to amend his petition to delete the unexhausted claim, the district court's reasons for denying these motions must be readily apparent in order to sustain the dismissal of the petition. *Id.* at 597. We discern no such obvious reasons here.

 "The types of reasons that might justify denial of permission to amend a pleading include undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, and undue prejudice to the opposing party." *Id.* at 598; *see also Best Canvas Products & Supplies, Inc.,* 713 F.2d at 622–23. Espey thrice filed motions to strike ground two from the petition; all of which were filed well in advance of the district court's ruling dismissing his petition. Thus, no undue delay, bad faith or dilatory motive is present in Espey's first attempt to amend his petition; nor is there any evidence that the warden will be unduly prejudiced by allowing Espey's amendment. We therefore hold that the district court abused its discretion in dismissing Espey's petition without allowing him to amend his petition to delete his unexhausted claim, and remand this case for further consideration of Espey's exhausted habeas claims.

REVERSED and REMANDED.