Darryl MURPHY and Gary
Murray, Plaintiffs,

v.

John McCLENDON, Chief of Police of the City of East Point; John Marriner, Personnel Director of the City of East Point; Joseph Johnson, Jr., Manager/Treasurer of the City of East Point, and the City of East Point, a municipal corporation, Defendants.

No. 1:86–CV–364–HTW.

United States District Court,
N.D. Georgia,
Atlanta Division.

April 8, 1988.

Frank L. Derrickson, Atlanta, Ga., for plaintiffs.

James A. Eidson, East Point, Ga., for defendants.

## ORDER OF COURT

HORACE T. WARD, District Judge.

Before the court in this matter are the Report and Recommendation of the Magistrate and the motions by the plaintiff to amend the complaint and to consolidate. Oral argument was held concerning these motions on February 23, 1988.

### Report and Recommendation
Plaintiffs' Objections

The plaintiffs argue that the magistrate erred in finding that defendants were entitled to summary judgment on their procedural due process claim. They say that the

post-termination hearing they received did not satisfy due process standards because the hearings' decision makers did not announce the reasons for their determination and indicate the evidence upon which they had relied. The defendants argue that no such written statement of reasons or evidence is required and that, even if it is, a sufficient written statement was made in this case.

The East Point Personnel Board of Appeals held hearings concerning the termination of the plaintiffs and these hearings were transcribed. At the end of the hearings, the plaintiffs' counsel argued that the Board should make specific factual findings about each plaintiff. The Board recessed to consider the evidence and then announced its decisions on plaintiffs, saying about each: "The employee having been recommended for disciplinary action for cause as determined by the city manager, the same is found to be appropriate under the circumstances of this case, and the punishment as recommended is hereby imposed." The city manager had informed each plaintiff that he was terminated "for conduct unbecoming your position."

The Supreme Court held in *Goldberg v. Kelly*, 397 U.S. 254, 90 S.Ct. 1011, 25 L.Ed.2d 287 (1970), that due process requires that when a government agency seeks to terminate welfare benefits it must give the welfare recipients involved an administrative "fair hearing." It stated that one of the requisite components of this "fair hearing" was that "the decision maker should state the reasons for his determination and indicate the evidence he relied on." *Id.*, 397 U.S. at 271; 90 S.Ct. at 1022. This statement "need not amount to a full opinion or even formal findings of fact and conclusions of law," the court said. *Id.* It explained that it required a statement of reasons in order to insure that the decisionmaker based the decision "solely on the legal rules and evidence adduced at the hearing." *Id.*

The Supreme Court has applied the *Goldberg* reasoning to a variety of other situations, holding that due process requires an explanation of the reasons for decisions to revoke parole or probation, to take away good-time credits from inmates, or to transfer an inmate to a mental institution. *Vitek v. Jones*, 445 U.S. 480, 100 S.Ct. 1254, 63 L.Ed.2d 552 (1980); *Wolff v. McDonnell*, 418 U.S. 539, 563, 94 S.Ct. 2963, 2978, 41 L.Ed.2d 935 (1974); *Gagnon v. Scarpelli*, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973); *Morrissey v. Brewer*, 408 U.S. 471, 489, 92 S.Ct. 2593, 2604, 33 L.Ed.2d 484 (1972). It has also held, however, that due process does not require decisionmakers to explain why an inmate is denied parole, why an inmate is placed in administrative confinement, or why alternatives to incarceration were rejected at a probation revocation hearing. *Black v. Romano*, 471 U.S. 606, 105 S.Ct. 2254, 2260, 2261, 85 L.Ed.2d 636 (1985); *Hewitt v. Helms*, 459 U.S. 460, 477, 494–95, 103 S.Ct. 864, 874, 883–84, 74 L.Ed.2d 675 (1983); *Connecticut Board of Pardons v. Dumschat*, 452 U.S. 458, 467, 472, 101 S.Ct. 2460, 2465, 2468, 69 L.Ed.2d 158 (1981).

The Supreme Court has not yet determined whether persons responsible for making a final decision concerning the termination of an individual's public employment are required by due process to state the reasons for their decision and explain the evidence upon which they relied. The Eleventh Circuit has held that when a public employee who has a property interest in continuing employment is facing possible discharge he or she has the due process rights to be advised of the cause for his termination in sufficient detail, to be advised of the evidence against him or her, to be accorded a meaningful opportunity to be heard in his or her own defense, and to be afforded a hearing before an apparently impartial tribunal. *Harris v. Birmingham Board of Education*, 817 F.2d 1525, 1527 (11th Cir.1987); *Kelly v. Smith*, 764 F.2d 1412, 1415–16 (11th Cir.1985); *Campbell v. Pierce County, Georgia*, 741 F.2d 1342, 1345–46 (11th Cir.1984), *cert. denied*, 470 U.S. 1052, 105 S.Ct. 1754, 84 L.Ed.2d 818 (1985). There is no binding precedent, however, which indicates whether this decision-making tribunal must explain the reasons for its decision or the evidence upon which it relied.

The Tenth Circuit has held that, under *Goldberg* and *Morrissey*, when a public employee with a property interest in continuing employment is discharged he or she has the due process right to be told the decisionmaker's reasons for its decision and the evidence upon which it relied. *McGhee v. Draper*, 564 F.2d 902, 912 (10th Cir. 1977). The court explained that the reason for this requirement was "to assure that ex parte proofs are not relied on and a reasoned decision [was] made." *Id.; see also Staton v. Mayes*, 552 F.2d 908, 915–16 (10th Cir.), *cert. denied*, 434 U.S. 907, 98 S.Ct. 309, 54 L.Ed.2d 195 (1977). Wisconsin, Connecticut, Idaho, and West Virginia have also adopted this due process requirement. *Clarke v. West Virginia Bd. of Regents*, 166 W.Va. 702, 279 S.E.2d 169, 178 (1981); *Bowler v. Board of Trustees*, 101 Idaho 537, 617 P.2d 841, 847–48 (1980); *Lee v. Board of Education*, 181 Conn. 69, 434 A.2d 333, 339 (1980); *Edmonds v. Board of Fire & Police Comm'rs*, 66 Wis. 2d 337, 224 N.W.2d 575, 580–81 (1975).

 It thus appears that among courts which have considered this issue there is a consensus that due process requires the decisionmaker in cases such as this one to explain the reasons for its decision and the evidence upon which it is relying. The court therefore finds that when a public employee with a property interest in continuing employment is discharged, due process requires that the entity that has ultimate responsibility for his or her discharge state the reasons for its determination and indicate the evidence upon which it is relying. The City of East Point's Personnel Board of Appeals gave only general, conclusory reasons for its actions and did not indicate the evidence upon which it relied; it thus violated plaintiffs' procedural due process rights. The court therefore DECLINES to adopt the magistrates recommendation that defendants be granted summary judgment on plaintiffs' procedural due process claim. As the facts concerning this claim are not in dispute, plaintiffs' motion for summary judgment on it is GRANTED.

**Defendants' Objections**

The defendants argue, first, that the magistrate erred in recommending that summary judgment be granted to plaintiffs on their Fourth Amendment claims. They primarily contend that several federal courts have recently entered decisions which permitted urinalysis to be conducted without a showing of individualized reasonable suspicion and that the doctrine of administrative search permits random urinalysis testing. After giving due consideration to the arguments raised in defendants' pleadings and those made at oral argument, the court finds that the magistrate's report correctly stated the applicable law concerning plaintiffs' Fourth Amendment claim. The portion of the magistrate's report which discusses this claim is therefore ADOPTED.

 The defendants also argue that the magistrate erred in recommending summary judgment for the plaintiffs on their substantive due process claims. They correctly note that *Everett v. Napper*, 833 F.2d 1507, 1512–13 (11th Cir.1987), the case relied upon by the magistrate, held that urinalysis testing of a firefighter who was reasonably suspected of drug use did not violate the firefighters substantive due process rights. The case held open the question of whether regular or random urinalysis testing of public safety employees constitutes a substantive due process violation. Although the court recognizes that municipal governments have a strong, legitimate interest in preventing its public safety employees from using illicit drugs, testing in the absence of individualized suspicion constitutes an arbitrary intrusion into the important privacy interests of those officers who are not individually suspected of drug use. The court therefore ADOPTS the portion of the magistrate's report which discusses plaintiffs' substantive due process claims.

 Another objection raised by the defendants is that the magistrate erred in failing to recommend that defendants Johnson and McClendon be granted qualified immunity. The defendant correctly notes that individuals sued in their individual ca-

pacities under section 1983 are entitled to assert a defense of qualified immunity. *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982). However, when a section 1983 suit is filed against a government official in his or her official capacity, the official is not entitled to a good faith immunity defense. *Brandon v. Holt*, 469 U.S. 464, 471–73, 105 S.Ct. 873, 878, 83 L.Ed.2d 878 (1985).

The complaint in this matter did not specify whether the defendants were sued in their individual capacity, their official capacity or both. It did, however, give the office as well as the name of the defendants, name of the municipality as a defendant, and allege that "[a]ll actions herein enumerated which were taken by defendants represented the official policy and practice of the City of East Point." These factors indicate that the defendants are named in their official capacities. *Id.* In contrast, however, the complaint seeks punitive damages from defendants Johnson and McClendon, and such damages are only available from defendants sued in their individual capacity. *Id.* 469 U.S. at 469–470, 105 S.Ct. at 876–77. It thus appears that defendants are named in both their official and individual capacities. Defendants Johnson and McClendon are entitled to assert a defense of qualified immunity with regard to the claims brought against them in their individual capacities but are not entitled to assert it with regard to the claims brought against them in their official capacities.

■ Good faith immunity protects government officials from individual civil liability for their discretionary acts "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow*, 457 U.S. at 818, 102 S.Ct. at 2738. "On summary judgment, the judge appropriately may determine, not only the currently applicable law, but whether that law was clearly established at the time an action occurred. If the law at that time was not clearly established, an official could not reasonably be expected to anticipate subsequent legal de-

velopments, nor could he fairly be said to 'know' that the law forbade conduct not previously identified as unlawful." *Id.* (footnote omitted.)

■ At the time when the urinalysis testing in question was conducted, the law was not clearly established concerning the Fourth Amendment or substantive due process implications of this type of testing. Defendants assert that they relied upon *Hester v. City of Milledgeville*, 598 F.Supp. 1456, 1457 n. 2 (M.D.Ga.1984), in ordering the testing. Because the rights violated were not clearly established at that time, the qualified immunity defense of defendants Johnson and McClendon entitles them to summary judgment on the Fourth Amendment and substantive due process claims brought against them in their individual capacities. Defendants also argue that the magistrate erred in failing to recommend that defendant John Marriner be dismissed from this action. Counsel for both parties stated at oral argument that defendant Marriner was not involved in any way in the testing or termination of the plaintiff and that he is therefore entitled to summary judgment. The court accordingly finds that Marriner is entitled to summary judgment.

■ Defendants' final objection is that the magistrate erred in failing to disallow certain of plaintiffs' pleadings because they were untimely filed. The court declines to overrule the discretion the magistrate exercised in considering the out of time submissions. Defendants have not been prejudiced by plaintiffs' untimeliness. They were able to respond comprehensively to each submission.

After a careful, *de novo*, review of the record, the court hereby ADOPTS the Report and Recommendation of the Magistrate to the extent described above.

Motion to Consolidate

Plaintiffs seek consolidation of this case and that of *Bostic v. McClendon*, 650 F.Supp. 245 (1986). The cases arise out of the same facts and have very similar issues. No jury demand has been filed in

this case. The plaintiffs in *Bostic* did, however, make a jury demand.

Motion to Amend

Plaintiffs have moved to amend their complaint to add a claim under Article I, Sec. I, Para. XIII of the Constitution of the State of Georgia. They argue that the urinalysis testing conducted upon them violated this constitutional provision. The defendants argue in response that plaintiffs' motion should be denied, as they have inexplicably waited several years after filing their complaint before moving to amend, that cross-motions for summary judgment have already been ruled upon, and that the claim plaintiff seeks to raise is entirely new and is barred by the statute of limitations.

Federal Rule of Civil Procedure 15(a) provides that once a responsive pleading has been filed, a party must obtain leave from the district court in order to amend its complaint. "The decision whether to grant leave to amend is committed to the sound discretion of the trial court." *Espey v. Wainwright,* 734 F.2d 748, 750 (11th Cir.1984). The trial court's discretion, however, is limited by the rule's policy that leave "shall be freely given when justice so requires." Fed.R.Civ.P. 15(a). This policy indicates that if a plaintiff proffers a claim which may be a proper subject for relief, the plaintiff should be permitted to amend its complaint unless a substantial reason exists to deny leave to amend. *Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962); *Espey* 734 F.2d at 750. In determining whether a substantial reason for denial exists, the court "may consider such factors as 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of the amendment.'" *Gregory v. Mitchell,* 634 F.2d 199, 203 (5th Cir. Jan.1981), quoting *Foman,* 371 U.S. at 182, 83 S.Ct. at 230; *see Best Canvas Products & Supplies, Inc. v. Ploof Truck Lines, Inc.,* 713 F.2d 618, 622–23 (11th Cir. 1983).

In this case, plaintiffs have offered no explanation for their lengthy delay in asserting their state constitutional claim. The state court case upon which they rely in asserting their state constitutional claim is one which is closely related to this case: it constitutes a challenge by a different plaintiff to the same round of urinalysis testing which is being challenged in this case. Plaintiffs' counsel was one of the counsel in that case. Plaintiffs have thus been aware for some time that a potential state constitutional claim existed. The requested amendment seeks to add an alternative theory for recovery, based on the same facts as plaintiffs' existing claims, and thus its addition would apparently not necessitate any new discovery. *Compare Bamm, Inc. v. GAF Corp.,* 651 F.2d 389, 391–92 (5th Cir. Unit B July 1981); *Miller v. Stanmore,* 636 F.2d 986, 990 (5th Cir. Unit A Feb.1981). The addition of the claim would, however, delay trial as it appears motions to dismiss and for summary judgment would be made on the new claim. The defendants assert that the new claim is barred by the statute of limitations.

Cross-motions for summary judgment have already been made and considered in this case. The former Fifth Circuit in *Pharo v. Smith,* 621 F.2d 656, 664 (5th Cir. 1980), *reh'g granted on other grounds,* 625 F.2d 1226, 1227 (5th Cir.1980), held that a district court did not abuse its discretion in denying plaintiffs' motion to amend where the motion was made after cross-motions for summary judgment had been ruled upon. The court stated that "[the cross-motions for summary judgment] amounted to a representation by the moving counsel, as officers of the court, that the case was fully at issue, that all theories of liability and all defenses had been presented, and that the case was ripe for summary treatment." *Id.* In this case, similarly, the Magistrate's Report and Recommendation was issued in the belief that all theories of liability had been presented. This factor, in combination with the delay which would be caused by permitting plaintiff to amend the complaint, present a substantial reason for denying leave to amend. Plaintiffs'

motion for leave to amend the complaint is therefore DENIED.

## CONCLUSION

It is hereby ORDERED that the Magistrate's Report and Recommendation is ADOPTED in part. Plaintiffs' motions for summary judgment on their Fourth Amendment and substantive due process claims are GRANTED as to defendant City of East Point and defendants Johnson and McClendon in their official capacities, and DENIED as to defendants Johnson and McClendon in their individual capacities. The motion by defendants for summary judgment on the Fourth Amendment and substantive due process claims is DENIED as to the City of East Point and defendants Johnson and McClendon in their official capacities and GRANTED as to defendants Johnson and McClendon in their individual capacities. The plaintiffs' motion for summary judgment on their procedural due process claim is GRANTED as to the City of East Point. The defendants' motion for summary judgment on the procedural due process claim is DENIED. Defendant Marriner's motion for summary judgment as to him on all claims is GRANTED. Defendants' motion for summary judgment on plaintiffs' racial discrimination claim is GRANTED.

Plaintiffs' motion to consolidate is hereby DENIED. Plaintiffs' motion to amend their complaint is DENIED.

The parties are hereby ORDERED to submit a pretrial order within thirty (30) days following their counsel's receipt of this order.

SO ORDERED.