27 F.3d 566
 74 A.F.T.R.2d 94-5207
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
COPLIN AND ASSOCIATES, INC., Plaintiff-Appellant,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 93-1181.
 United States Court of Appeals, Sixth Circuit.
 June 22, 1994.
 
 Before: JONES, BOGGS, and DAUGHTREY, Circuit Judges.
 PER CURIAM.
 
 
 1
 In this tax case, the taxpayer, Coplin and Associates, Inc., filed an action against the government to quiet title. Coplin now appeals the order of the district court granting the government's motion to dismiss on the basis of sovereign immunity. We affirm.
 
 
 2
 The plaintiff is a corporate taxpayer in the business of preparing tax returns. When the Internal Revenue Service assessed a penalty against Coplin for failure to keep adequate records and the taxpayer did not pay it, the IRS issued a lien on the taxpayer's property. Coplin brought suit under 28 U.S.C. Sec. 2410 to quiet title, arguing that it had complied with all record-keeping requirements of the Internal Revenue Code and that the assessment was therefore invalid.
 
 
 3
 In response to the complaint, the government moved to dismiss for lack of jurisdiction on the basis of sovereign immunity. The government pointed out that although it had waived immunity for suits brought under Sec. 2410 to challenge the procedural validity of a lien, immunity had not been waived with regard to the merits of the assessment that led to imposition of the lien. To contest the assessment, a taxpayer must pay the penalty and then, under 26 U.S.C. Sec. 6696(c), seek a refund.
 
 
 4
 Before the district court ruled on the motion to dismiss, the taxpayer filed a motion for leave to amend the complaint to allege a new cause of action for wrongful levy under 26 U.S.C. Sec. 7426(a)(1). Because the government had not yet filed its answer, the plaintiff could have filed an amended complaint without permission, but instead sought leave of court. The motion to amend did not, however, contain the substance of the proposed amendment.
 
 
 5
 Without ruling on the plaintiff's motion to amend, the district court granted the government's motion to dismiss for lack of jurisdiction. The taxpayer has appealed that order, challenging both the propriety of the court's ruling on jurisdiction and the court's failure to rule on the plaintiff's motion to amend the complaint.
 
 
 6
 The government argues that because we now know from the plaintiff's brief on appeal what the amendment would have entailed and, further, because we can determine that this cause of action would have been wholly unavailing, any error in the district court's failure to permit amendment before acting on the motion to dismiss should be considered harmless.
 
 
 7
 In granting the motion to dismiss, the district court filed a memorandum opinion finding, properly we conclude, that the plaintiff had not claimed a procedural defect in the lien but was challenging instead the validity of the assessment that led to imposition of the lien. This question turns on whether or not the plaintiff complied with 26 U.S.C. Sec. 6107(b), which requires a tax preparer to keep copies of tax returns or a list of taxpayers for whom returns have been prepared. Obviously, as the district court concluded, resolution of this issue requires a ruling on the underlying merits of the assessment. Such a ruling is not possible under the rubic of an action to quiet title under 28 U.S.C. Sec. 2410(a), which is available only to contest procedural defects in the lien and "may not be used to challenge the underlying tax liability." Pollack v. United States, 819 F.2d 144, 145 (6th Cir.1987). It is clear that the district court correctly dismissed the complaint for lack of jurisdiction.
 
 
 8
 As for the district court's failure to dispose of the motion to amend prior to ruling on the motion to dismiss, we find no error. Under Fed.R.Civ.P. 15(a), the plaintiff was entitled to amend its pleading "once as a matter of course at any time before a responsive pleading [wa]s served," which event, as it turned out, never transpired in this case. Leave of court to amend would have been necessary only for a second or subsequent amendment, or after the government had filed its answer. Nothing in Rule 15 requires a judicial ruling on a premature or unnecessary motion, nor is there any restriction on the granting of a motion to dismiss under the circumstances of this case. And while Rule 15(a) envisions liberality in the amendment of pleadings ("leave shall be freely given when justice so requires"), there is little to be gained by a remand to permit amendment here. As the government correctly notes, an action for wrongful levy under 26 U.S.C. Sec. 7426(a)(1) is, by its own terms, available only to third parties and thus not to the plaintiff in this case.
 
 
 9
 We conclude that, under the particular facts of this case, justice does not require a remand, and we therefore AFFIRM the judgment of the district court in all respects.
 
 
 10
 NATHANIEL R. JONES, Circuit Judge, dissenting.
 
 
 11
 I agree with the majority that Coplin's original complaint is deficient in that it failed to allege a procedural defect in the challenged lien. However, I believe that the lower court's failure to consider Coplin's motion for leave to file an amended complaint was reversible error. Accordingly, I dissent.
 
 I.
 
 12
 Coplin's motion for leave to amend its complaint was set for hearing on December 16, 1992, yet, without considering the motion at all, the district court dismissed Plaintiff's case on November 16, 1992. I agree with Coplin that this was an abuse of discretion.
 
 
 13
 This issue has come before the Sixth Circuit twice before. See Ellison v. Ford Motor Co., 847 F.2d 297, 300 (6th Cir.1988) (Per Curiam); Marks v. Shell Oil Co., 830 F.2d 68, 69-70 (6th Cir.1987). Both times, the court relied on Rule 15(a) of the Federal Rules of Civil Procedure, which provides in relevant part:
 
 
 14
 A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served.... Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires.
 
 
 15
 In both Ellison and Marks, the court pointed out that Rule 15(a) is to be interpreted liberally so as to ensure determinations on their merits. Ellison, 847 F.2d at 300; Marks, 830 F.2d at 69. In both cases, the court reiterated that "[a] court's refusal to grant leave to amend is reviewable under the 'abuse of discretion' standard." Ellison, 847 F.2d at 300 (citing Zenith Radio Corp. v. Hazeltine Research, Inc., 401 U.S. 321, 330-32 (1971); Tefft v. Seward, 689 F.2d 637, 637-38 (6th Cir.1982)); Marks, 830 F.2d at 69 (citing same cases). Ellison also explained that "[a]n abuse of discretion occurs when a district court fails to state the basis for its denial of a motion or fails to consider the competing interests of the parties and likelihood of prejudice to the opponent." 847 F.2d at 300 (citing Moore v. City of Paducah, 790 F.2d 557, 559 (6th Cir.1986)). In support of this proposition, Ellison quoted the Supreme Court:
 
 
 16
 The grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules.
 
 
 17
 Id. (quoting Foman v. Davis, 371 U.S. 178, 182 (1962)).
 
 
 18
 From these premises, in both Ellison and Marks, the court reasoned as follows:
 
 
 19
 Given the policy of liberality behind Rule 15(a), it is apparent that when a motion to amend is not even considered, much less not granted, an abuse of discretion has occurred. The court in Espey v. Wainwright, 734 F.2d 748 (11th Cir.1984), determined that unless the district court's reasons for dismissing the motions to amend were "readily apparent" the dismissal could not be sustained. 734 F.2d at 750. Because the district court did not consider the motion, we can discern no such "readily apparent" reasons here.
 
 
 20
 Therefore, we hold that dismissal of the suit based upon the original complaint without first considering the motion to amend was an abuse of discretion. The district court should have evaluated [Plaintiff's] motion in light of Fed R Civ P 15(a) and its liberal policy of amendment.
 
 
 21
 Id. (quoting Marks, 830 F.2d at 69-70). In both cases, then, the court vacated and remanded for consideration of the motion for leave to file an amended complaint.
 
 
 22
 In my view, Ellison and Marks are dispositive, and we are similarly obliged to vacate and remand in the present case.
 
 II.
 
 23
 The majority suggests that because Coplin could have filed its amended complaint without receiving leave of court to amend, the court was not obliged to consider Coplin's motion. This proposition is insupportable. Even though Coplin did not need the court's leave, there was certainly nothing improper or blameworthy in Coplin's asking the court for leave. Once this occurred, under Ellison and Marks, the court was obliged to at least consider it.
 
 
 24
 The majority also states that a remand to permit amendment would be pointless insofar as Coplin's motion anticipated that the amended complaint would allege a cause of action for wrongful levy under I.R.C. Sec. 7426(a)(1). While I do not disagree with the majority that Coplin cannot prevail on an action for wrongful levy in the present case, I cannot agree that a remand to permit amendment would be pointless. First of all, it is not our job to consider the merits of Plaintiff's Sec. 7426 claim in the first instance. This is the district court's job.
 
 
 25
 Second, and more importantly, I see no reason why Coplin should be restricted on remand to pursuing only this apparently futile claim. Coplin's brief suggests that it would welcome the opportunity to properly plead procedural irregularities in the United States' lien on Coplin's property. In the spirit of Rule 15, I see no prejudice to the government in giving Coplin a chance to plead these issues. Although Coplin did not anticipate pleading such matters in its motion to file an amended complaint, had the court below granted this motion, Coplin would have been free to amend its complaint in unanticipated ways, including adding allegations regarding procedural irregularities. Because the court erroneously ignored the motion when it dismissed the case, I believe that we are obliged to remand with directions to consider Coplin's motion to amend. If the court grants the motion, Coplin would remain free to amend its complaint in ways that were unanticipated in its motion for leave. In short, because an amended complaint would not be futile per se, the mere fact that an allegation pursuant to Sec. 7426 would be futile should not prevent the court from remanding.
 
 III.
 
 26
 For the foregoing reasons, I would vacate the district court's dismissal of the complaint and remand in order for the court to properly consider Plaintiff's motion for leave to amend the complaint.