**JOHN MORRELL & CO., Plaintiff,**

v.

**ROYAL CARIBBEAN CRUISES LTD., Defendant.**

No. 06–60786–CIV.

United States District Court, S.D. Florida.

Aug. 30, 2007.

Jennifer Elaine Simpson, Scott John Topolski, Buckingham, Doolittle & Burroughs, L.L.P., Boca Raton, FL, for Plaintiff.

Jeffrey Eric Foreman, Darren Wayne Friedman, Maltzman Foreman P.A., Miami, FL, for Defendant.

## ORDER

ALTONAGA, District Judge.

This cause comes before the Court on Plaintiff, John Morrell & Co.'s Motion for Leave to Amend its Pleading and Renewed Motion for Extension or Enlargement of Time [D.E. 87], filed on August 23, 2007. Plaintiff filed the Motion one day after the undersigned denied Plaintiff's earlier Motion for Extension or Enlargement of Time to Respond to Defendant's Motion for Summary Judgment, following a hearing on August 22, 2007. The undersigned has carefully reviewed the parties' written submissions, the record, and applicable law.

Defendant, Royal Caribbean Cruises Ltd., correctly presents two [1] sound arguments in opposition to the requested Motion to Amend and for Extension. The first argument, which the undersigned agrees with, is that Plaintiff cannot oppose a motion for summary judgment with a request to amend its pleading. (*See Response* [D.E. 91] at 2–3, and cases cited therein).

The second argument raised in opposition, however, is the most compelling. The deadline for amending pleadings in this case was March 15, 2007, *over five months ago*. Admittedly, under Federal Rule of Civil Procedure 15(a), leave to amend a complaint "shall be freely given when justice so requires." *Espey v. Wainwright*, 734 F.2d 748, 750 (11th Cir.1984) (citations omitted). Indeed, the Supreme Court has directed that leave to amend should be denied only in cases marked by undue delay, bad faith or dilatory motive, futility of amendment, or undue prejudice to the opposing party. *See Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct.

---

1. Technically, Defendant's first argument, that Plaintiff had failed to file with the Motion the proposed amended pleading, as is required under Local Rule 15.1, has been addressed on today's date by Plaintiff with its Notice of Filing [D.E. 92]. That Notice attaches the proposed amended pleading and an affidavit of counsel explaining the error in failing to file the proposed pleading with the Motion.

227, 9 L.Ed.2d 222 (1962). Additionally, the Eleventh Circuit has stressed that "unless there is a substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial." *Thomas v. Town of Davie*, 847 F.2d 771, 773 (11th Cir.1988) (citation omitted).

■ Because the proposed amendment is presented so far outside the deadline permitted by the Court's scheduling order, however, Rule 16(b), Fed.R.Civ.P., also applies to the Court's consideration of the amendment request. Under Rule 16(b), a scheduling order "shall not be modified except upon a showing of good cause and by leave of the district judge." In order to establish "good cause," the movant has the burden of proving that the scheduling deadline could not have been met despite the movant's diligent efforts to do so. *See id; see also Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir.1992) ("If [a] party was not diligent, the [good cause] inquiry should end.").

■ Here, Plaintiff has not shown good cause as required by Rule 16(b). Plaintiff appears to have taken little to no discovery in the over fourteen months this case has been pending. Its failure to have taken discovery, or to have properly examined its claims before the deadline for amending pleadings passed, is not a basis to allow it to seek to defeat a summary judgment motion by amending its pleading over five months beyond the March 15, 2007 deadline fixed by the scheduling order. The March 15 deadline was a very generous date, given that it permitted Plaintiff to take up to nine months after it filed this suit to seek leave to amend.

The proposed amendment will cause undue prejudice to Defendant and is the product of undue delay by Plaintiff. Accordingly, and for the foregoing reasons, the Motion for Leave to Amend and Renewed Motion for Extension or Enlargement of Time [D.E. 87] is **DENIED**. Plaintiff shall file its opposition to the Motion for Summary Judgment by no later than September 6, 2007.

Done and Ordered.