[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 07-10919
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
March 12, 2008
THOMAS K. KAHN
CLERK

D. C. Docket No. 06-20752-CV-ASG

ELIJAH SMITH,

Petitioner-Appellant,

versus

STATE OF FLORIDA,

Defendant,

FLORIDA DEPARTMENT OF CORRECTIONS,
Walter A. McNeil,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(March 12, 2008)

Before CARNES, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Elijah Smith, a Florida prisoner serving a life sentence for first-degree murder, appeals the district court's denial of his pro se 28 U.S.C. § 2254 habeas petition. The district court granted a certificate of appealability on each of Smith's four claims of ineffective assistance of counsel, namely, whether his counsel was ineffective for: (1) being unfamiliar with Florida's "pipeline" rule and failing to argue that Smith's case was in the pipeline at the time Weiand v. State, 732 So. 2d 1044 (Fla. 1999), which extended the self-defense privilege of non-retreat to co-occupants of a residence, was decided; (2) failing to argue that Weiand applied retroactively to Smith's case; (3) failing to object to what Smith characterizes as a plea offer initiated by the trial court, as well as the court's imposition of a vindictive sentence of life imprisonment after Smith rejected the offer and proceeded to trial; and (4) failing to adequately investigate Smith's intellectual capacity in order to challenge the voluntariness of his confession to police.

We review de novo a district court's denial of a habeas petition under 28 U.S.C. § 2254, and we review its factual findings for clear error. See Sims v. Singletary, 155 F.3d 1297, 1304 (11th Cir. 1998). Habeas petitions based on ineffective assistance of counsel present "a mixed question of fact and law

2

requiring application of legal principles to the historical facts of the case." Coulter v. Herring, 60 F.3d 1499, 1503 (11th Cir. 1995). Additionally, we liberally construe pro se pleadings and briefs. Espey v. Wainwright, 734 F.2d 748, 749 (11th Cir. 1984).

## I.

Smith contends that his counsel was unfamiliar with Florida's "pipeline" rule and did not argue to the trial court that the Florida Supreme Court's decision in Weiand applied to his case. He argues that, as a result of his counsel's unfamiliarity with and failure to argue this point, he was wrongfully denied a new trial with a jury instruction based on the "castle doctrine" of non-retreat, as expanded by Weiand to include co-occupants of a residence. In a closely related contention Smith argues that his counsel rendered ineffective assistance by failing to argue that Weiand was retroactively applicable to his case.

Under section 2254(d), a federal court may not grant habeas relief on claims that were previously adjudicated in state court unless the adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law . . . or resulted in a decision based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). The Supreme Court has held that a state court

3

decision is "contrary to" established law if: (1) the state arrives at a conclusion opposite to that reached by the Supreme Court on a question of law; or (2) a state court confronts facts "materially indistinguishable" from relevant Supreme Court precedent, but reaches an opposite result. Williams v. Taylor, 529 U.S. 362, 405, 120 S. Ct. 1495, 1519 (2000).

A state court decision is an "unreasonable application" of clearly established law if the state court unreasonably applies controlling law, or unreasonably extends or fails to extend, a legal principle to a new context. Id. at 407, 120 S. Ct. at 1520. We have concluded that a state court's summary rejection of a claim is an adjudication on the merits that is due deference. Wright v. Sec'y for Dep't of Corr., 278 F.3d 1245, 1253–56 (11th Cir. 2002).

The Sixth Amendment provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense." U.S. Const. amend. VI. To establish a successful claim of ineffective assistance of counsel, a defendant must show that: (1) his counsel's performance was deficient, and (2) the deficient performance prejudiced his defense. Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984).

In determining whether counsel gave adequate assistance, "counsel is strongly presumed to have rendered adequate assistance and made all significant

4

decisions in the exercise of reasonable professional judgment." Id. at 690, 104 S. Ct. at 2066. Counsel's performance is deficient only if it falls outside the wide range of reasonable professional assistance. Id. at 689, 104 S. Ct. at 2065. The Supreme Court has defined prejudice as a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694, 104 S. Ct. at 2068. If the defendant cannot meet one of Strickland's prongs, we do not need to address the other prong. Holladay v. Haley, 209 F.3d 1243, 1248 (11th Cir. 2000).

Contrary to his contentions, the record shows that at the hearing on his motion for a new trial, Smith's counsel did argue to the trial court that the Weiand decision was applicable to Smith because his case was in the pipeline when that decision was announced, and that the decision should be applied retroactively to his case. In addition, Smith cannot show prejudice because his counsel also raised the pipeline issue on appeal, and the state courts rejected the claim. Therefore, the district court correctly found that the state courts' rejection of these ineffective assistance of counsel claims did not involve an unreasonable application of clearly established federal law or an unreasonable determination of the facts.

**II.**

Smith also contends that his counsel was ineffective for failing to object to

5

what he characterizes as a plea offer initiated by the trial court. Smith admits that the trial court fully described the offer and the differences in the sentences for first- and second-degree murder. However, he argues that his counsel did not make sure he was competent to understand the advantages of the offer, resulting in Smith unwittingly proceeding to trial. He contends that because of his rejection of the plea agreement, the trial court vindictively imposed a harsher sentence of life imprisonment after he was convicted of first-degree murder at trial.

When an ineffective assistance of counsel claim concerns the rejection of an offered plea agreement, the defendant "'must show that there is a reasonable probability that, but for counsel's errors, he would . . . have pleaded guilty and would [not] have insisted on going to trial.'" Coulter, 60 F.3d at 1504 (quoting Hill v. Lockhart, 474 U.S. 52, 58, 106 S. Ct. 366, 370 (1985)) (alterations in original). However, we have stated that "[t]he right to competent plea bargain advice is at best a privilege that confers no certain benefit" because a defendant "may make a wise decision" without assistance of counsel or a "bad one despite superior advice from his lawyer." Wofford v. Wainwright, 748 F.2d 1505, 1508 (11th Cir. 1984).

Plea considerations "frequently present imponderable questions for which there are no certain answers." Id. Where a defendant was aware of the plea offer,

was fully informed of the nature of the charges and potential sentences, and did not object to its rejection, his claim of ineffective assistance of counsel regarding the plea offer fails. Diaz v. United States, 930 F.2d 832, 834–35 (11th Cir. 1991).

The record reveals that it was the government, not the trial court, that initiated the plea offer. Once the government made the offer, the trial court merely explained it to Smith so that he could fully understand the terms. Smith rejected the plea offer. Additionally, once he was convicted of first-degree murder, the trial court was statutorily required to impose a sentence of life imprisonment. See Fla. Stat. §§ 775.082(1), 782.04(1)(a). There was no room for vindictiveness. Thus, Smith cannot show that his counsel's performance was deficient, and the district court properly denied Smith's § 2254 petition with respect to this issue.

## III.

Finally, Smith contends that his counsel was ineffective for not adequately investigating his background which would have led him to argue that Smith's confession should be suppressed based on his limited education and intellectual capacities shown by his having obtained only a sixth-grade education.

Contrary to Smith's assertions, the record shows that his counsel not only was aware of Smith's limited education and intellectual capacity but also used that knowledge in an attempt to have Smith's confession suppressed. The district court

7

therefore properly denied Smith's petition with respect to this issue.[1]

**AFFIRMED.**

---

[1] Smith further contends for the first time on appeal that his counsel was ineffective for failing to request a hearing to determine whether he was competent to stand trial and for failing to inform the trial court that Smith was not competent to understand the plea offer. Smith also suggests that his right to counsel during interrogation under Miranda v. Arizona, 384 U.S. 436, 86 S. Ct. 1602 (1966), was violated. We have held "that in an appeal brought by an unsuccessful habeas petitioner, appellate review is limited to the issues specified in the COA." Murray v. United States, 145 F.3d 1249, 1251 (11th Cir. 1998). Because those two issues were not certified in the COA, they are beyond the scope of our review and will not be addressed. See id.