[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-15826
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPTEMBER 13, 2010
JOHN LEY
CLERK

D. C. Docket No. 08-00176-CV-T-17-EAJ

PATRICK A. CHAMBERS,

Petitioner-Appellant,

versus

SECRETARY, DEPARTMENT OF CORRECTIONS,
ATTORNEY GENERAL, STATE OF FLORIDA,

Respondents-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(September 13, 2010)

Before TJOFLAT, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

Petitioner appeals the district court's denial of his *pro se* 28 U.S.C. § 2254

petition for habeas corpus relief. We issued a certificate of appealability on one issue:

> Whether the district court erred in declining to address the additional [sixth] ground of relief, first mentioned in a reply brief, without *sua sponte* affording [petitioner] an opportunity to properly present the constitutional claim.

We consider petitioner's reference to his sixth ground of relief in his reply brief not as an attempt to raise it in the brief, but as an indication that petitioner believed that he had raised it in his § 2254 petition on page 11B. The district court apparently did not consider the reference as such. If the court had construed the reference as petitioner's request for leave to amend the petition, we are satisfied that the court would have granted leave. A "court should freely give leave to amend when justice so requires, and leave should not be denied absent a substantial reason. Fed. R. Civ. P. 15(a); *Espy v. Wainwright*, 734 F. 2d 748, 750 (11th Cir. 1984). There was no reason—such as undue delay or bad faith on petitioner's part—to deny leave here.

To the end that we may avoid having to consider this case more than once on appeal, *see generally Clisby v. Jones*, 960 F.2d 925 (11th Cir. 1992) (en banc), we vacate the district court's judgment and remand the case with the instruction that the district court entertain the sixth ground for relief referred to in petitioner's

reply brief.

VACATED and REMANDED, with instruction.