IN THE UNITED STATES DISTRICT COURT 
 FOR THE MIDDLE DISTRICT OF ALABAMA 
 EASTERN DIVISION 

SECURITY PEST CONTROL, ) 
 ) 
 Plaintiff, ) 
 ) 
v. ) CASE NO. 3:19-cv-00541-SMD 
 ) 
WELLS FARGO BANK, ) 
NATIONAL ASSOCIATION, ) 
 ) 
 Defendant. ) 

 MEMORANDUM OPINION AND ORDER 

 Before the Court is Plaintiff Security Pest Control’s contested Motion for Leave to 
Amend Complaint with its proposed Second Amended Complaint. (Docs. 19, 19-1). 
Defendant Wells Fargo has opposed leave to amend (Doc. 26), and Security Pest Control 
has replied in support of leave. (Doc. 27). Therefore, the motion is ripe for disposition. For 
the reasons that follow, the undersigned finds that Plaintiff’s motion is due to be granted. 
The remaining motions (Docs. 15, 30) are denied as moot. 
I. BACKGROUND1 
 Plaintiff alleges that Defendant’s employees conspired with one of Plaintiff’s now-
former employees, Curtia Moon (“Moon”), to open, without authority, an account in the 
name of “Security Pest Control” without an appropriate corporate resolution or approval. 
(Doc. 19-1) at 3-4. Defendant permitted Moon to deposit Plaintiff’s checks, money orders, 

1 Because the Plaintiff seeks leave to amend its complaint, the facts are recited as alleged in the proposed Second 
Amended Complaint, (Doc. 19-1), which we accept as true for the limited purpose of ruling on this Motion. 
and cash into an account that was not owned or controlled by Plaintiff for at least three 
years despite the fact that Plaintiff was clearly noted as the only payee on the checks and 
money orders. Id. at 4-5. Moon was not authorized to indorse Plaintiff’s checks, but 

nevertheless stamped Plaintiff’s indorsement on to the checks. Id. at 9. The indorsement, 
however, directed Defendant to only deposit the funds into Plaintiff’s bank account, which 
was not at Wells Fargo. Id. at 5, 9. Defendant’s employees “instructed Moon on how to 
deposit checks through the Wells Fargo mobile banking application to conceal Moon’s 
actions.” Id. at 5. 

 Plaintiff previously filed an amended complaint, (Doc. 10), and now seeks leave to 
file a Second Amended Complaint. Defendant has not consented to Plaintiff filing a Second 
Amended Complaint. (Doc. 19) at 2. Therefore, further amendments require leave of the 
Court. Fed. R. Civ. P. 15(a)(2). 
II. LEGAL STANDARD 

 “[Rule] 15(a) . . . provides that, after any responsive pleading has been filed, 
subsequent amendments are permitted only with the leave of the district court.” Espey v. 
Wainwright, 734 F.2d 748, 750 (11th Cir. 1984). It is within the district court’s discretion 
whether to grant or deny leave to amend. Foman v. Davis, 371 U.S. 178, 182 (1962). 
However, the court’s discretion is limited in favor of granting leave to amend: 

 ‘[D]iscretion’ may be a misleading term, for rule 15(a) severely restricts the 
 judge’s freedom, directing that leave to amend ‘shall be freely given when 
 justice so requires.’ This policy of Rule 15(a) in liberally 
 permitting amendments to facilitate determination of claims on the merits 
 circumscribes the exercise of the trial court’s discretion; thus, ‘[u]nless there 
 is a substantial reason to deny leave to amend, the discretion of the district 
 court is not broad enough to permit denial.’ 
Espey, 734 F.2d at 750 (internal citations omitted). 
 “Substantial reasons justifying a denial include ‘undue delay, bad faith, dilatory 
motive on the part of the movant, . . . undue prejudice to the opposing party by virtue of 
allowance of the amendment, [and] futility of amendment.’” Landon v. Agatha Harden, 
Inc., 6 F. Supp. 2d 1333, 1335 (M.D. Ala. 1998) (quoting Foman, 371 U.S. at 182). 

Therefore, a district court “may properly deny leave to amend the complaint under Rule 
15(a) when such amendment would be futile.” Hall v. United Ins. Co. of Am., 367 F.3d 
1255, 1263 (11th Cir. 2004) (citing Foman, 371 U.S. at 182). “When a district court denies 
the plaintiff leave to amend a complaint due to futility, the court is making the legal 
conclusion that the complaint, as amended, would necessarily fail.” St. Charles Food, Inc. 

v. Am.’s Favorite Chicken Co., 198 F.3d 815, 822 (11th Cir. 1999) (citing Motorcity of 
Jacksonville, Ltd. v. Se. Bank N.A., 83 F.3d 1317, 1323 (11th Cir. 1996)). 
 Finally, although the Federal Rules of Civil Procedure govern the procedural aspects 
of this case, the Erie doctrine dictates that this Court, sitting in diversity jurisdiction, apply 
the substantive law of the State of Alabama. Bravo v. U.S., 577 F.3d 1324 (11th Cir. 2009) 

(citing Erie R.R. Co. v. Tompkins, 304 U.S. 64 (1938)). 
III. DISCUSSION 
 Plaintiff’s Motion for Leave to Amend seeks to add factual allegations regarding 
the forged instruments giving rise to this lawsuit. (Doc. 19) at 2. Additionally, Plaintiff 
seeks to remove two claims – count V for violation of Ala. Code § 7-3-406 and count VIII 

for accounting – and add a common law claim for negligent hiring/supervision/training. 
(Doc. 19) at 1-2. Wells Fargo opposes leave on the grounds of futility; it argues that the 
proposed second amended complaint would still be subject to dismissal, and therefore, this 
Court should deny leave to amend. (Doc. 26) at 2. 

 Additional claim: Negligent hiring/supervision/training 
 The Court first addresses Plaintiff’s proposed common law claim of negligent 
hiring/supervision/training. (Doc. 19-1) at 9-10. Plaintiff argues that Defendant breached 
its duty to properly train and supervise its branch personnel when it permitted them to 
conspire with Moon to convert Plaintiff’s property. Id. Wells Fargo counters that this new 

common law claim is displaced by the UCC. (Doc. 26) at ¶ 5; see also (Doc. 6) at 2-7. 
Plaintiff argues in response that the UCC provides no such remedy for negligent 
hiring/supervision/training, and therefore, the common law claim is not displaced. (Doc. 
27) at 8-9. 
 Under the UCC, “[u]nless displaced by the particular provisions of this title, the 

principles of law and equity including the law merchant and the law relative to capacity to 
contract, principal and agent, estoppel, fraud, misrepresentation, duress, coercion, mistake, 
bankruptcy, and other validating or invalidating cause supplement its provisions.” Ala. 
Code § 7-1-103(b). The Alabama Supreme Court has addressed the test for UCC 
displacement: “Under § 7-1-103, when a statute provides a cause of action relating to a 

specific factual situation in a specific manner, then any common-law cause of action based 
upon a factual situation so materially identical that it is clearly within the specific scope of 
the provision must be said to have been ‘displaced,’ especially if it is in some way 
affirmatively excluded by the statutory language.” Am. Liberty Ins. Co. v. AmSouth Bank, 
825 So. 2d 786, 794-95 (Ala. 2002). “[C]ommon-law claims are displaced or preempted if 
allowing the common-law claims would ‘create rights, duties, and liabilities inconsistent’ 
with those set forth in [the UCC statutes.]” AmSouth Bank v. Tice, 923 So. 2d 1060, 1066 

(Ala. 2005). 
 Defendant points to § 7-3-405 of the UCC as the relevant portion that would displace 
Plaintiff’s proffered common law cause of action. (Doc. 26) at 3 (citing (Doc. 6) at 6). 
Section 405 of the UCC allocates the loss between an employer and a bank when an 
employer’s agent attempts to cash or deposit a fraudulently indorsed instrument. 

Specifically, subsection (b) directs that, “If the person paying the instrument or taking it 
for value or for collection fails to exercise ordinary care in paying or taking the instrument 
and that failure substantially contributes to loss resulting from the fraud, the person bearing 
the loss may recover from the person failing to exercise ordinary care to the extent the 
failure to exercise ordinary care contributed to the loss.” However, this section only applies 

to fraudulent indorsements of instruments “with respect to which an employer has entrusted 
an employee with responsibility as part of the employee’s duties.” § 7-3-405(a). 
“Responsibility” specifically excludes authority that “merely allows an employee to have 
access to instruments.” § 7-3-405(a)(3). The comments to this section explain why: 
“Section 3-405 is addressed to fraudulent indorsements made by an employee with respect 

to instruments with respect to which the employer has given responsibility to the employee. 
. . . Section 3-405 adopts the principle that the risk of loss for fraudulent indorsements by 
employees who are entrusted with responsibility with respect to checks should fall on the 
employer rather than the bank that takes the check or pays it, if the bank was not negligent 
in the transaction.” § 7-3-405(a), cmt. 1. 
 If Moon were an employee entrusted with responsibility within the meaning of the 

statute, then Plaintiff’s proposed common law claim would almost certainly be displaced 
by § 405, as the factual scenario would be “materially identical” to that contemplated by § 
405. That would be akin to the scenario addressed by the Tice court: “The fact that a remedy 
has been provided by the UCC for the very same acts or omissions made the basis of 
[plaintiff’s] common-law claims compels the conclusion that those common-law claims 

are duplicative and have been displaced by his UCC claims.” Tice, at 1068. 
 In its proposed second amended complaint, however, Plaintiff alleges that “[Moon] 
was not authorized to indorse Plaintiff’s checks with Plaintiff’s indorsement and deposit 
Plaintiff’s property into an account not owned by Plaintiff.” (Doc. 19-1) at ¶ 33. Accepting 
these allegations as true, Moon would not have been entrusted with responsibility within 

the meaning of § 405, making this provision of the UCC inapplicable. Therefore, § 405 
provides no remedy, and permitting Plaintiff’s proffered common law claim to proceed 
does not create rights, duties, or liabilities inconsistent with the UCC. Therefore, 
amendment to add this claim would not be futile, and Plaintiff’s Motion for Leave to 
Amend is due to be GRANTED. 

IV. CONCLUSION 
 Having found that the claim Plaintiff seeks to add in its proposed Second Amended 
Complaint would not be futile, the Court finds that granting leave is appropriate and 
declines, at this time, to address Defendant’s arguments pertaining to the remainder of the 
proposed Second Amended Complaint. For the same reason, the Court will deny 
Defendant’s Motion to Dismiss (Doc. 15) and Plaintiff’s Motion for Summary Judgment 
(Doc. 30) as moot with leave to refile addressing the Second Amended Complaint. 

 Plaintiff’s Motion for Leave to Amend (Doc. 19) is GRANTED. Defendant’s 
Motion to Dismiss (Doc. 15) is DENIED as MOOT. Plaintiff’s Motion for Summary 
Judgment (Doc. 30) is DENIED as MOOT. 
 Plaintiff shall file the proposed Second Amended Complaint on or before July 9, 
2020. 

 DONE this 2nd day of July, 2020. 

 /s/ Stephen M. Doyle 
 STEPHEN M. DOYLE 
 UNITED STATES MAGISTRATE JUDGE